IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MELVIN HALL                                                                                          PLAINTIFF

V.                                                                                             NO. 1:09CV029-A-S

STATE OF MISSISSIPPI, et al.                                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). Plaintiff, an inmate currently being housed at the Hinds County Restitution Center, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff complains that he has been incarcerated for two-years in relation to a delinquent child support obligation. Plaintiff avers that during these two-years he has been denied the opportunity to pay his debt. Plaintiff seeks equitable relief in the form of a transfer to a "restitution center." Plaintiff is also seeking monetary damages for pain and suffering related to his period of incarceration during which lacked the ability to satisfy his debt.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

### Section 1983 is not Appropriate Method to Challenge a Conviction

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the

proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997) (*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

If Plaintiff is successful in the instant case he would clearly be entitled to accelerated release. Therefore, he must obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. There is no proof or allegation that Plaintiff's conviction has been called into question. Accordingly, Plaintiff may not challenge the validity of his conviction or sentence by seeking damages under 42 U.S.C. § 1983.

Even if the court elected to construe his complaint as a petition for habeas corpus relief, there is no indication that Hall has pursued his claims through the state courts as required by 28 U.S.C. § 2254(b)(1) and (c). A prisoner seeking relief from an alleged unconstitutional conviction or sentence must first present his claims to the state's highest court prior to pursuing a federal habeas writ. *Id.; see also* Miss. Code Ann. §§ 99-39-1 *et seq.* In either case, in as much as the relief he seeks through this complaint would effect the duration of his confinement, Hall's complaint is premature.

**Physical Injury Required for Compensatory Damages**

Additionally, to the extent Plaintiff is attempting to recover monetary damages, his claim is barred. The Prison Litigation Reform Act provides in part, "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In a case filed under 42 U.S.C. § 1983, a prisoner plaintiff must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Id.*; *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005);

*Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*).

Here, Plaintiff has not alleged any physical injury. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). Accordingly, Plaintiff's claim for damages arising out of mental pain and suffering due to his incarceration is not worthy of § 1983 relief. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1 (5th Cir. Feb. 15, 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury). Plaintiff has, thus, failed to state a claim upon which relief may be granted.

### No Constitutional Right to a particular Housing or Classification

As for Plaintiff's request for equitable relief in the form of a transfer to a restitution center, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). There is no indication that this case presents any extreme circumstances that would warrant the courts intervention. Furthermore, it appears as though the relief sought has been granted. Plaintiff was recently transferred to the Hinds County Restitution Center. Therefore, Plaintiff has failed to state a claim upon which relief may be granted.

The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Hall is cautioned that once he accumulates three strikes, he may not proceed *in forma*

*pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the 12th day of March, 2009.

                                             /s/ Sharion Aycock
                                             UNITED STATES DISTRICT JUDGE
                                             NORTHERN DISTRICT OF MISSISSIPPI